UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson and Timothy Gillen Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael Crabtree as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Glen Johnson and Bruce Carlson as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>        Plaintiffs,<br><br>vs.<br><br>Fjosne Construction LLC and Rick Fjosne individually,<br><br>        Defendants. | Civil File No: _____<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.    Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International

1

Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Fjosne Construction LLC ("Fjosne Construction") is a Minnesota limited liability company with the registered address of 8062 Willow Street, Willow River, Minnesota 55795.  Fjosne Construction is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. Defendant Rick Fjosne ("Fjosne") is an individual and Manager of Fjosne Construction who agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund.  Fjosne is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.   The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7.   The Funds re-allege incorporate by reference paragraphs 1-6 herein.

8.   Since November 11, 2015, Fjosne Construction has been bound to the terms of a collective bargaining agreement negotiated between Highway, Railroad, and Heavy Construction Division of Associated General Contractors of Minnesota and the International Union of Operating Engineers, Local No. 49 with a term of May 1, 2014 through April 30, 2017 ("CBA").

9.   Fjosne Construction is bound to the CBA through at least April 30, 2018.

10.  Fjosne executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement") individually and on behalf of Fjosne Construction.  The Welfare Participating Agreement provides that in executing the Welfare Participating Agreement, Fjosne agreed to bind Fjosne Construction and himself individually to the full and faith full performance of the Welfare Participating Agreement.

11.  The Welfare Participating Agreement states that Fjosne Construction and Fjosne shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of Agreements and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement") and that Fjosne Construction and Fjosne agree to be bound to the terms of the Welfare Trust Agreement.

12. The CBA incorporates by reference the terms of the Welfare Trust Agreement and the Trust Agreement for the Central Pension Fund of the International Union of Operating Engineers and Participating Employers and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program (collective referred to as "Trust Agreements").

13. The CBA and Trust Agreements require Fjosne Construction and Fjosne to contribute every month, not later than the 15th day of the following month contributions to the Funds in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

14. The CBA and Trust Agreements require Fjosne Construction and Fjosne to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

15. The CBA states that an employer shall be considered delinquent for a particular month if the remittance report and payment are not postmarked on or before the 15th day of the following month.

16. The CBA and Trust Agreements permit the Funds or their authorized agents to examine employer's payroll and employment records whenever such examination is deemed necessary by the Funds or their authorized agents in connection with the proper administration of the Funds.

17. The CBA and Trust Agreements require Fjosne Construction and Fjosne to promptly furnish to the Funds or their authorized agents, on demand, all necessary

employment and payroll records relating to their employees covered by the CBA for examination whenever such examination is deemed necessary by the Funds or their authorized agents.

18.     The CBA and Trust Agreements require Fjosne Construction and Fjosne to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether the Fjosne Construction and Fjosne are accurately reporting hours to the Funds including contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

19.     Independent of the CBA and Trust Agreements, 29 U.S.C. § 1059 requires employers such as Fjosne Construction and Fjosne to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

20.     If Fjosne Construction and Fjosne fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Fjosne Construction and Fjosne are liable for all of the hours worked by that individual for whom Fjosne Construction and Fjosne are unable to produce satisfactory records verifying the type of work being performed by that individual.

21.     The CBA prohibits Fjosne Construction and Fjosne from subcontracting any work covered by the CBA unless the subcontractor agrees to comply with the wages, fringe benefits and premium pay, and on the job conditions set forth in the CBA on the subcontracted project.

22. The CBA states that if an employer becomes delinquent, they shall be required to pay as liquidated damages an amount equal to 15% of the payment otherwise due.

23. The Trust Agreements provide for the payment of liquidated damages when contributions are not timely submitted.

24. The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

25. The Trust Agreements state that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions.

26. The Trust Agreements states that an employer is liable for interest on any unpaid contributions.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

27. The Funds re-allege and incorporate by reference paragraphs 1-26 herein.

28. The Funds' auditor requested that Fjosne Construction and Fjosne produce a complete set of their payroll and employment records for the period of December 1, 2015 through September 30, 2016 ("Audit Period").

29. Fjosne Construction and Fjosne produced their payroll and employment records for the Audit Period and the Funds' auditor determined there were hours worked

by Fjosne Construction and Fjosne's employees covered by the CBA for which Fjosne Construction and Fjosne did not submit contributions to the Funds.

30. The Funds' auditor prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $56,658.56 is due and owing for delinquent contributions.

31. Fjosne Construction and Fjosne breached the terms of the CBA and Trust Agreements by failing to pay the total amount due for delinquent contributions for the Audit Period.

32. Pursuant to the CBA and Trust Agreements, Fjosne Construction and Fjosne are liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in enforcing their rights and collecting the amounts due.

33. Pursuant to the CBAs and Trust Agreements, Fjosne Construction and Fjosne are liable to the Funds for interest on the unpaid contributions and liquidated damages.

## COUNT II
## ERISA DAMAGES

34. The Funds re-allege incorporate by reference paragraphs 1-33 herein.

35. The Funds are entitled to liquidated damages under ERISA § 502(g), 29 U.S.C. § 1132(g).

36. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

37. The Defendants are liable for interest charges on any unpaid contributions under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants Fjosne Construction, LLC and Rick Fjosne individually as follows:

1.  For judgment against Defendant Fjosne Construction, Inc. and in favor of the Plaintiffs for delinquent contributions and liquidated damages for the Audit Period and against jointly and severally against Defendant Rick Fjosne for all amounts due for delinquent contributions to the Health and Welfare Fund and for the liquidated damages.

2.  For judgment against Defendants for all additional amounts to which the Plaintiffs are entitled, including interest.

3.  For an award of costs, disbursements and attorney fees according to law.

4.  Such other and future relief as the Court deems just, equitable or proper.

Date:  February 12, 2018                MCGRANN SHEA CARNIVAL
                                        STRAUGHN & LAMB, CHARTERED


                                        By:    s/ Amy L. Court
                                               Carl S. Wosmek (Atty. No. 300731)
                                               Amy L. Court (Atty. No. 319004)
                                               Christy E. Lawrie (Atty. No. 388832)
                                            800 Nicollet Mall, Suite 2600
                                            Minneapolis, MN 55402
                                            Telephone: (612) 338-2525
                                            csw@mcgrannshea.com
                                            alc@mcgrannshea.com
                                            cel@mcgrannshea.com

                                        *Attorney for Plaintiffs*

1073764.DOCX